No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

In re THOMAS RICHARDS
*Petitioner,*

---

ON PETITION FOR A WRIT OF MANDAMUS TO THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

Relates to: Case 3:25-cv-916
The Hon. Brantley D. Starr

---

# EMERGENCY PETITION FOR A WRIT OF MANDAMUS
# TO THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# RULING REQUESTED BY FRIDAY MAY 23, 2025

---

Lisa Weingarten Richards, Esq.
VSB #96671
NY BAR #4932570
LWR Law Offices
11166 Fairfax Blvd. Suite 500
#1344
Fairfax, VA 22030
*Tel.:* (202) 981-2059
lwr@lwrlawoffices.com

*In re Thomas Richards, No.* _____ _____

# CERTIFICATE OF INTERESTED PERSONS

In re THOMAS RICHARDS,

                                    No. _____

            Petitioner.

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Thomas Richards, Plaintiff in the underlying proceeding (Case 3:25-cv-916)

2. X Corp., Defendant in the underlying proceeding

3. Lisa Weingarten Richards, Attorney for Petitioner

4. Kimberly C Priest Johnson, Attorney for X Corp.

5. Kenneth M. Trujillo-Jamison, Attorney for X Corp. (application for admission pro hac vice pending)

6. Norma Bennet, Attorney for X Corp.

7. The Honorable Brantley D. Starr, United States District Judge for the Northern District of Texas (not a party, but subject of mandamus petition)

_____

Lisa Weingarten Richards
LWR Law Offices
11166 Fairfax Blvd. Suite 500 #1344
Fairfax, VA 22030
Tel.: (202) 981-2059
Attorney for Petitioner

*In re Thomas Richards, No. _____ _____*

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner Thomas Richards respectfully requests that any oral argument be conducted by video conference or telephone conference due to geographical distance from the Court. This petition raises important questions regarding the district court's authority to impose local counsel requirements in violation of due process and the systematic procedural obstruction that threatens access to courts for constitutional claims. While the legal issues are presented adequately in the petition and supporting materials, oral argument could assist the Court in understanding the pattern of procedural irregularities and the urgency of the relief sought. However, if the Court determines that oral argument is not necessary for a proper disposition of this matter, Petitioner respectfully submits the matter on the petition and any responsive filings.

*In re Thomas Richards, No.* _____ _____

## TABLE OF CONTENTS                                              **Page**

Certificate of Interested Persons ...................................................................... 2

Statement Regarding Oral Argument ............................................................ 3

Table of Contents ............................................................................................ 4

Table of Authorities…………………………………………………………….5

Statement of Issues ......................................................................................... 6

Petition for Writ of Mandamus ...................................................................... 7

I. Statement of the Case ................................................................................. 7

II. Procedural Background .............................................................................. 7

III. Procedural Irregularities Warranting Mandamus Relief ........................11

IV. Standards for Mandamus Relief ............................................................. 19

V. Request for Relief ..................................................................................... 20

VI. Conclusion ............................................................................................... 21

Certificate of Service .................................................................................... 24

Certificate of Compliance ............................................................................. 25

*In re Thomas Richards, No. _____ _____*

**TABLE OF AUTHORITIES**                                         **Page**

CASES

In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) ............... 19

RULES Federal Rules of Appellate Procedure Rule 21 ........................ 24

Local Rule 83.10, N.D. Tex. ...............................................6, 10, 11, 12, 13

*In re Thomas Richards, No.* _____ _____

## STATEMENT OF ISSUES

Whether the district court abused its discretion and violated petitioner's due process rights by:

1. Offering petitioner the option to "file a motion to proceed without local counsel" pursuant to Local Rule 83.10, then denying such motion without explanation or guidance as to what would constitute sufficient grounds for relief;

2. Mischaracterizing petitioner's legal arguments in subsequent orders to justify imposing more restrictive procedural requirements; and

3. Engaging in a pattern of contradictory and arbitrary procedural rulings designed to obstruct adjudication of constitutional claims on their merits.

*In re Thomas Richards, No.* _____  _____

## PETITION FOR WRIT OF MANDAMUS

Petitioner Thomas Richards, through undersigned counsel, respectfully petitions this Court for a writ of mandamus directing the Honorable Brantley Starr, United States District Judge for the Northern District of Texas, Dallas Division, to: (1) grant Petitioner's motion to proceed without local counsel; (2) reassign this case to another judge in the Northern District of Texas; and (3) consider Petitioner's preliminary injunction motion (Doc. 5, filed April 13, 2025) and renewed emergency TRO motion (Doc. 17, filed April 16, 2025, fully briefed by both parties) on their merits. This petition is necessitated by a continuing pattern of procedural irregularities that threatens to deny Petitioner access to the courts and due process of law.

## THE CORE ISSUE

Judge Starr ordered: "appoint local counsel OR file a motion to proceed without local counsel." (emphasis added) When Petitioner chose the second option, the court denied it without explanation and refused to provide guidance on what would be acceptable. This false "OR" is part of a pattern of procedural obstruction designed to avoid adjudicating constitutional claims against X Corp./Elon Musk.

## I. STATEMENT OF THE CASE

*In re Thomas Richards, No.* _____ _____

This case arises from Petitioner's constitutional challenge to X Corp.'s systematic suppression of religious expression through state action, where X Corp.'s owner Elon Musk simultaneously serves as head of the Department of Government Efficiency (DOGE) and has publicly committed to assisting President Trump 1-2 days per week indefinitely, creating an unprecedented government entanglement with a major social media platform that controls public discourse. The case was filed in the Northern District of Texas, Dallas Division, and assigned to Judge Brantley Starr.

## II. PROCEDURAL BACKGROUND

### A. Initial Venue Transfer Attempt and Pattern of Obstruction

**April 14, 2025**: Judge Starr denied Petitioner's emergency TRO and preliminary injunction motions without prejudice and ordered transfer to Fort Worth Division (Doc. 10), claiming "venue is improper before this Court" and misreading X Corp.'s Terms of Service, which actually permit federal actions in any division of the Northern District of Texas. (X terms of service, attached – page 10)

**April 14, 2025**: Petitioner filed comprehensive objection (Doc. 11) explaining the court's misinterpretation of the venue provision and noting serious conflict of interest issues in Fort Worth Division, including Judge O'Connor's documented

*In re Thomas Richards, No. _____ _____*

financial holdings in Elon Musk companies and other judges' potential religious bias issues.

**April 15, 2025**: Rather than reconsidering the venue error, Judge Starr denied the objection and ordered Petitioner to serve the incomplete complaint on X Corp. within 24 hours while giving X Corp. 13 days to respond (Doc. 12) - demonstrating the court's willingness to expedite proceedings when it favored the defendant while simultaneously denying Petitioner's emergency relief.

**Mandamus Required**: Only after Petitioner filed a Petition for Writ of Mandamus with this Court (at a cost of $600) (Fifth Circuit Case No. 25-10522, see attached docket sheet and petition 2-1) and the Fifth Circuit denied the petition did the district court vacate the transfer order on April 16, 2025 (Doc. 16). Notably, the court simultaneously granted Petitioner "a full 90 days to serve Defendant" - directly contradicting the 24-hour service demand from the day before. Plaintiff had explained that the complaint had been quickly submitted in order to get the emergency TRO filed and heard, and that plaintiff intended to amend the complaint and serve that amended version on the defendant.

## B. The Local Counsel Requirement Pattern

*In re Thomas Richards, No. _____ _____*

The current petition focuses on the district court's handling of Petitioner's motion to proceed without local counsel, which demonstrates a clear pattern of procedural irregularities:

**April 13, 2025**: Petitioner filed an "Emergency Motion for Pro Hac Vice Admission Without Local Counsel" (Doc. 3-1), detailing close to four months of unsuccessful efforts to secure local counsel due to attorney's stated fears of retaliation from X Corp. and its owner.

**May 14, 2025**: The district court entered an Order (Doc. 30) directing both parties to "appoint local counsel, in accordance with Local Rule 83.10, **or** to file a motion to proceed without local counsel, by June 13, 2025." [emphasis added]

**May 14, 2025**: Petitioner immediately filed a Motion for Reconsideration and Clarification (Doc. 31), pointing out that a motion to proceed without local counsel had already been filed and remained pending since April 13.

**May 15, 2025**: The district court entered an Order (Doc. 32) denying Petitioner's April 13 motion without addressing the substantive grounds presented. Notably, this order simultaneously expanded the geographic scope for local counsel to include "any counsel located and licensed within the State of Texas," directly contradicting Local Rule 83.10's express 50-mile requirement.

**May 15, 2025**: Petitioner filed a Motion for Reconsideration (Doc. 33) addressing the procedural inconsistencies and pointing out that the court's expansion of the geographic scope to locations 600+ miles from the court demonstrated the arbitrary nature of the local counsel requirement. Petitioner also reiterated the extraordinary circumstances making local counsel unavailable (attorney's documented fears of X Corp./Musk retaliation) and specifically requested that the court "provide specific guidance as to what would constitute 'good cause' sufficient to warrant an exception to the local counsel requirement." This request was necessary because while Local Rule 83.10 permits the presiding judge to grant leave to proceed without local counsel, and the court's May 14 order explicitly offered the option to "file a motion to proceed without local counsel," the court had denied such relief without any explanation of what would satisfy the standard for granting such leave.

**May 21, 2025**: The district court denied the motion for reconsideration but **mischaracterized Petitioner's position**, claiming that "Richards objects to the Court's expansion of local counsel to any attorney in Texas" and therefore giving Petitioner 30 days to find counsel within the original 50-mile radius.

## III. PROCEDURAL IRREGULARITIES WARRANTING MANDAMUS RELIEF

### A. Mischaracterization of Petitioner's Filings and Bad Faith "OR" Option

*In re Thomas Richards, No.* _____ _____

The May 21, 2025 order contains a material mischaracterization of Petitioner's position and demonstrates the court's bad faith in offering procedural options it has no intention of honoring.

**The False "OR" Choice**: The court's May 14 order explicitly directed parties to "appoint local counsel, in accordance with Local Rule 83.10, **OR** to file a motion to proceed without local counsel." This "OR" was illusory. Despite Local Rule 83.10 permitting the presiding judge to grant leave to proceed without local counsel, the court denied Petitioner's detailed motion without addressing the extraordinary circumstances presented and refused to provide any guidance on what standard would govern such relief--making the offered alternative impossible to satisfy.

**Mischaracterization of Reconsideration Arguments**: Petitioner's Motion for Reconsideration (Doc. 33) did not object to expanding the geographic scope as preferable to the original requirement. Rather, Petitioner argued that the court's willingness to expand the scope **demonstrated the arbitrary nature of the entire local counsel requirement in this case**, especially given the documented inability to secure counsel due to fears of X Corp./Musk retaliation. The court's mischaracterization of this argument to justify imposing a more restrictive requirement while continuing to ignore the extraordinary circumstances presented constitutes clear procedural error and possible bad faith.

*In re Thomas Richards, No.* _____  _____

## B. Contradictory Application of Local Rules

The district court's handling of the local counsel requirement demonstrates internal

contradiction:

1. **May 14 Order**: Court directs Petitioner to file a motion to proceed without

   local counsel as one of two acceptable options

2. **May 15 Order**: Court denies the already-filed motion from April 13 without

   explanation, while simultaneously expanding the geographic scope to all of

   Texas (contradicting Local Rule 83.10's 50-mile requirement)

3. **May 21 Order**: Court reverses the geographic expansion and imposes the

   original 50-mile requirement, while mischaracterizing Petitioner's legal

   arguments

These contradictory rulings demonstrate that the court is applying Local Rule

83.10 in an arbitrary manner that serves no legitimate judicial purpose.

## C. Denial Without Consideration of Substantive Arguments

Petitioner's original motion detailed extraordinary circumstances warranting an

exception under Local Rule 83.10, including:

1. Diligent efforts over an almost four-month period to secure counsel

*In re Thomas Richards, No. _____ _____*

2. Documented evidence that potential local counsel cited fears of retaliation from X Corp. and its owner

3. The emergency nature of ongoing First Amendment violations

4. Counsel's demonstrated competence in navigating the court's procedures

The district court has never addressed these substantive grounds, instead creating procedural barriers that appear designed to force dismissal of the case.

## D. Pattern Demonstrating Systematic Avoidance of Merits

The sequence of events demonstrates that the district court is systematically avoiding adjudication of this case on its merits:

1. **Improper venue transfer attempt**: "Misread" X Corp.'s Terms of Service to justify transfer, despite clear language permitting venue in Dallas Division. Even when petitioner filed an emergency motion for reconsideration which explicitly showed X's venue clause explicitly permitted NDTX – Dallas Division as a forum, Court did not vacate. Required mandamus petition to correct.

2. **Contradictory service demands**: Demanded service within 24 hours when case favored dismissal, then granted 90 days after mandamus pressure, demonstrating arbitrary application of procedural requirements.

*In re Thomas Richards, No.* _____ _____

3. **Local counsel requirement manipulation**: Offered waiver as option, then denied without explanation, then expanded geographic scope, then contracted it again while mischaracterizing Petitioner's arguments.

4. **Mischaracterization of filings**: May 21 order contains demonstrably false characterization of Petitioner's reconsideration arguments.

5. **Refusal to address constitutional merits**: Has never substantively addressed Petitioner's First Amendment claims despite their emergency nature.

This pattern suggests the district court is using procedural mechanisms as pretexts to avoid reaching the constitutional merits of a case involving a politically sensitive defendant (X Corp./Elon Musk) and politically charged issues (religious expression, government entanglement with social media platforms).

## F. "Whack-a-Mole" Pattern of Procedural Obstruction

The district court's conduct demonstrates a clear "whack-a-mole" pattern: every time Petitioner successfully overcomes one procedural barrier, the court immediately creates a new one to avoid addressing the constitutional merits:

**Round 1 - Improper Venue**: Court denies emergency relief claiming improper venue (false – see X terms attached). Mandamus petition filed (Fifth Circuit Case

*In re Thomas Richards, No.* _____ _____

No. 25-10522- see docket sheet and petition attached). Fifth Circuit denied the

petition; immediately thereafter, district court vacated its own order.

**Round 2 - Service Demands**: Court demands 24-hour service when trying to help

defendant, then grants 90 days only after mandamus pressure.

**Round 3 - Local Counsel Games**: Court offers local counsel waiver option,

denies it without explanation, expands geography, then contracts it while

mischaracterizing Petitioner's arguments.

**Round 4 - Selective Court Assistance**: Court's chambers contacted Petitioner

within 24 hours regarding trivial pro hac vice form corrections (requesting "N/A"

entries where forms didn't actually require them – see Doc. 3, Doc. 19),

demonstrating the court's willingness to provide immediate guidance on minor

procedural matters. However, when Petitioner filed a renewed emergency TRO

motion (Doc. 17) seeking urgent constitutional relief, the court provided no

guidance for two weeks about Judge Starr's specific proposed order requirements,

leaving the emergency motion to languish while constitutional violations

continued. Only after Petitioner discovered the proposed order requirement and

submitted it did the court promptly deny the emergency relief "without prejudice" -

showing the court's willingness to provide procedural assistance only when it

doesn't advance the constitutional merits.

*In re Thomas Richards, No.* _____  _____

**Current Status After Document 36 (May 21, 2025)**: Despite filing initial emergency TRO, preliminary injunction, AND renewed emergency TRO after the court's improper denial, **not a single substantive constitutional argument has been considered on the merits**. The court denied the initial emergency motions "without prejudice" based on false venue claims, denied the renewed TRO "without prejudice" for no stated reason, and now demands impossible local counsel requirements--all while continuing to refuse substantive consideration of ongoing First Amendment violations.

This pattern demonstrates that the district court will create endless procedural barriers rather than address Petitioner's constitutional claims against X Corp. and Elon Musk. The systematic avoidance of merits consideration, combined with the court's willingness to mischaracterize Petitioner's arguments (as in Document 35), establishes that mandamus relief is necessary to ensure this case receives fair adjudication.

**G. Obstruction of Case Progress**

The district court's pattern of procedural irregularities is actively obstructing Petitioner's ability to advance this case on its merits. Petitioner initially filed this case seeking emergency relief, including a temporary restraining order, due to ongoing constitutional violations. Given the emergency nature, Petitioner filed a

*In re Thomas Richards, No. _____ _____*

complaint that required further development and explicitly informed the court of this need.

Only after the mandamus petition did the district court accommodate this reasonable request. On April 16, 2025, Judge Starr entered an order (Doc. 16) granting Petitioner "a full 90 days to serve Defendant" and vacating expedited service requirements, demonstrating the court's initial understanding that Petitioner needed time to properly develop the case.

However, instead of being able to focus on amending and serving the complaint to address the substantive constitutional issues as the court initially contemplated, Petitioner has continually been forced to spend valuable time and resources responding to:

1. **New contradictory rulings on local counsel requirements**

2. **Mischaracterized reconsideration motions**

3. **Repetitive procedural hurdles that serve no legitimate judicial purpose**

The court's shift from accommodation right after the first mandamus petition back to further obstruction is particularly troubling. Rather than allowing Petitioner to develop the constitutional claims as initially contemplated, the court has created a procedural maze that prevents case advancement. This pattern suggests the district court is using procedural mechanisms to avoid reaching the merits of Petitioner's

*In re Thomas Richards, No.* _____ _____

constitutional claims. Such obstruction of case progress through arbitrary

procedural requirements is precisely the type of conduct that mandamus is

designed to remedy.

## IV. STANDARDS FOR MANDAMUS RELIEF

Mandamus relief is appropriate when: (1) the petitioner has no other adequate

means to obtain relief; (2) the petitioner has a clear and indisputable right to the

writ; and (3) the writ is appropriate under the circumstances. *In re Volkswagen of*

*Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

### A. No Other Adequate Means of Relief

Petitioner has no other adequate means of relief. The district court has denied

reconsideration and created an impossible deadline (30 days to secure local counsel

after almost four months of unsuccessful attempts). Waiting for final judgment

would render any relief meaningless, as the case would likely be dismissed for

failure to comply with the local counsel requirement.

### B. Clear and Indisputable Right

Petitioner has a clear right to:

1. **Due process and fair treatment**: The mischaracterization of Petitioner's

   legal arguments in the May 21 order violates basic due process requirements

*In re Thomas Richards, No.* _____  _____

2. **Access to courts**: The arbitrary application of local counsel requirements

   threatens to deny Petitioner access to federal courts for constitutional claims

3. **Consistent application of rules:** The district court offered Petitioner the

   option to "file a motion to proceed without local counsel" but then denied

   such relief without explanation, violating basic principles of consistent rule

   application.

## C. Appropriateness Under the Circumstances

Mandamus is particularly appropriate here because:

1. The district court's contradictory rulings and mischaracterizations suggest a

   pattern of irregularities requiring immediate correction

2. Constitutional rights are at stake and time-sensitive

3. The case involves issues of first impression regarding government

   entanglement with social media platforms

4. The pattern suggests potential bias requiring reassignment to ensure fair

   adjudication

## V. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

*In re Thomas Richards, No.* _____ _____

1. **Issue a writ of mandamus** directing the district court to grant Petitioner's Motion for Pro Hac Vice Admission Without Local Counsel;

2. **Direct reassignment** of this case to another judge in the Northern District of Texas, Dallas Division, given the pattern of procedural irregularities suggesting the current judge cannot provide fair adjudication;

3. **Direct the district court** to either: (a) vacate its denial of Petitioner's renewed emergency temporary restraining order and preliminary injunction and consider them on their merits, given that the denial was based on the now-vacated improper venue ruling, or (b) allow Petitioner to refile emergency temporary restraining order and preliminary injunction motion with any newly assigned judge without prejudice;

4. **Grant such other relief** as this Court deems just and proper to ensure Petitioner receives fair treatment in the district court.

## VI. CONCLUSION

The pattern of procedural irregularities in this case threatens the fundamental principle that all litigants are entitled to fair treatment in federal court. The district court's contradictory rulings, mischaracterization of legal arguments, and arbitrary application of local rules require immediate correction through mandamus relief.

*In re Thomas Richards, No. _____ _____*

The latest order's demonstrable mischaracterization of Petitioner's position--
claiming Petitioner objected to statewide counsel when Petitioner actually argued
the expansion demonstrated the arbitrary nature of the requirement--represents a
clear procedural error that cannot be allowed to stand.

The district court's systematic avoidance of the constitutional merits through
procedural barriers suggests recognition that Petitioner's First Amendment claims
have substantial merit. If the claims lacked merit, the court could simply deny
relief on the merits and face no political consequences. Instead, the court has
chosen endless procedural obstruction, indicating unwillingness to rule on
politically sensitive constitutional questions involving X Corp. and Elon Musk's
government role.

Most troubling, the district court is not merely avoiding adjudication--it is actively
creating conditions designed to force dismissal on technical grounds. By offering
procedural options it has no intention of honoring, imposing impossible deadlines
after months of documented failure, and mischaracterizing Petitioner's arguments
to justify harsher treatment, the court appears determined to engineer a technical
dismissal rather than address the constitutional merits. This goes beyond judicial
avoidance to active obstruction designed to deny Petitioner any opportunity for
relief, regardless of the strength of the underlying First Amendment claims.

*In re Thomas Richards, No.* _____  _____

Respectfully submitted,

/s/ Lisa Weingarten Richards

**Lisa Weingarten Richards**

VSB #96671

NY BAR #4932570

LWR Law Offices

11166 Fairfax Blvd. Suite 500 #1344

Fairfax, VA 22030

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

*Counsel for Petitioner*

*In re Thomas Richards, No.* _____ _____

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, a true and correct copy of the foregoing

Petition for Writ of Mandamus was served upon:

**X Corp. (via counsel)**

**Kimberly C Priest Johnson** kpj@shb.com

Via: Email

**The Honorable Brantley Starr**

United States District Judge

Northern District of Texas, Dallas Division

Starr_Orders@txnd.uscourts.gov

Via: Email


/s/ Lisa Weingarten Richards

Lisa Weingarten Richards

Attorney for Petitioner

*In re Thomas Richards, No.*  _____  _____

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d).

1. Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f), this petition contains 3662 words.

2. This petition is printed in a proportionally spaced, serif typeface using 14-point font in text and 12-point font in footnotes.

3. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Federal Rule of Appellate Procedure 21(d), may result in the Court's striking this petition and imposing sanctions against the person who signed it.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards

Attorney for Petitioner

*In re Thomas Richards, No.* _____ _____